LAND, J.
 

 This is a coneursus proceeding brought by the police jury' of the, parish of Avoyelles under Act 224 of 1918 against Charles C. Gaspard, contractor, the Union Indemnity Company, surety on the contractor’s bond, and certain claimants, who have filed liens for labor performed in the construction of a public road from Moreauville, via Bordelonville, to Sarto in said parish.
 

 Judgment was rendered in the lower court in favor of the larger number of these claimants, against the police jury of the parish of Avoyelles, the Union Indemnity' Company, and Charles C. Gaspard, contractor, in solido, and from this judgment the police jury of said parish and the Union Indemnity Company have appealed.
 

 1. The main issue in the case is whether the indemnity company can be held liable as surety on the contractor’s bond under the state of facts disclosed by the record.
 

 The surety company contends that it cannot be mulcted on the bond in this case, for the reason that the contract which it bonded for the construction of a public road from Moreauville to Bordelonville, a distance of
 
 7y2
 
 miles, was never performed, but that a verbal and entirely different contract for the construction of the Moreauville-Bordelonville-Sarto Highway, a distance of IS miles, was substituted in the place of the original, written contract entered into by the police jury, through its agent, the Avoyelles highway commission, with Gaspard, the contractor.
 

 This contention upon the part of the Union Indemnity Company is sustained, in opr opinion, by the facts of the case.
 

 It is true it is provided in section 1 of Act 224 of 1918, an “Act relating to contracts for public works,” that—
 

 “No modifications, omissions, additions in or to the terms of the said contract, in the plans or specifications or in the manner and mode of payment shall in any manner affect the obligation of the surety.”
 

 There is, however, a broad and manifest distinction between reasonable and necessary
 
 *73
 
 modifications in a contract for the building of a public road, and the substitution of an entirely different, contract.
 

 It is to be observed in this connection that all contracts for public,works in excess of $500 must be reduced to writing, and be signed bj> all parties, and that a bond with solvent and sufficient surety must be given by the contractor, in a sum not less than 50 per cent, of the contract price, for the faithful performance of the contract, and for the payment by the contractor and by all subcontractors for all work done, labor performed, or material furnished in the construction of public roads, etc. Section 1 of Act 224 of 1918.
 

 It is made the mandatory duty of the official representative of any parish to have all contracts for the construction of public roads reduced to writing and signed by all parties, also to require the necessary bond of the contractor, and to have such contract and bond recorded in the office of the recorder of mortgages of the parish wherein the work is to be done on the day said work begins, and not later than 30 days thereafter. Section 1 of Act 224 of 1918.
 

 The only written contract found in the record in this case, and the only plans and specifications annexed thereto, require the “grading, draining, surfacing with gravel, and constructing drainage structures on about 7.5 miles of the Moreauville-Bordelonville Highway in ward 7, parish of Avoyelles, La.” This road is located on the map of survey made by the parish engineer as practically a straight road 7.5 miles in length.
 

 The bid* of Charles C. Gaspard is “for the construction of the proposed roadwork along the Moreauville-Bordelonville Highway extending from Moreauville to Bordelonville in ward 7, parish of Avoyelles, La., according to the plans, specifications, 'profiles, maps and drawings and directions of the engineer.”
 

 The contractor’s bid for earth excavation and embankment was 27% cents per cubic yard, and for bridges and culvert cement work $35 per cubic yard in place. This bid was made on June 15, 1920.
 

 On June 7, 1920, Gaspard addressed the following communication to the Avoyelles highway commission:
 

 “Gentlemen: This bid is made with the understanding that this Cottonport-Moreauville line will be extended to Bordelonville,' following the present location as shown in the profiles, maps, etc.”
 

 “If the contemplated change is made to follow the old road from Moreauville to Bordelonville, my bid for that particular line is thirty-five cents (35^) per cu. yd. for the dirt work.”
 

 The old road from Moreauville to Jlordelonville runs along the banks of Bayou des Glaises, and covers a distance of 9.5 miles, or 2 miles in addition to the length of the straight gravel road, which was to be constructed under the original written contract made by Gaspard with the police jury of Avoyelles parish.
 

 •This change in the location of the road was not made merely to straighten out the kinks in the original road, -but was the selection by the local authorities of an entirely different route, as shown by the map filed in evidence.
 

 The Bayou des Glaises in its course from Moreauville to Bordelonville makes a semicircular bend, which increases the distance between these two points at least 2 miles. Not only is the changed route different from that of the original road to be constructed, but it is a graded, dirt road, instead of a hard-surfaced or gravel road, as contemplated by the original written contract between the parties. In addition to this, the changed route runs, not only to Bordelonville, the terminus of the straight gravel road, for the construction of which the contract was intended to be made, but extends beyond that terminus to Sarto, a distance of
 
 *75
 
 9 miles. While the contract price for excavation and concrete work on the straight gravel road amounted to only $18,700, and required a surety bond of only $9,350, the cost of the changed route, together with the branch road from Bordelonville to Sarto, aggregated the sum of $40,000, and necessitated a bond of $20,000, thereby making a difference of $21,300 in the contract price, and' of $10,650 in the bond required by law, or more than double the amount of bond demanded by the police jury of Avoyelles parish under the original written contract.for the straight gravel road.
 

 No contract in writing was made with Gaspard and recorded by the police jury for this changed route, and no bond was exacted for» same by its legal representative from the contractor, as required by law.
 

 It is clear that the Union Indemnity Company cannot be held as surety on a road contract which it did not bond. It is equally clear that the police jury of Avoyelles parish alone is liable to the claimants in this case for labor performed in the construction of the Moreauville-Bordelonville-Sarto Highway, as the authorities failed to have the contract reduced to writing and to exact the necessary bond, as required by sections 1 and 6 of Act 224 of 1918.
 

 2. The claims of all the claimants who have recovered judgment against the police jury of Avoyelles parish in the court below are admitted to be correct, except those of L. E. Bordelon, Emile Celestin, Alonzo Simons, and Young Weaver. The objection urged against these claims is that they have not been established with clear legal certainty.
 

 We agree with the trial judge that the evidence before him is sufficient to justify judgment in favor of these claimants.
 

 It is therefore ordered that the judgment appealed from be amended, so as to cancel and set aside the bond signed in this case by Charles C. Gaspard, contractor, as principal, and by the Union Indemnity Company as surety, and so as to reject, at their costs, all of the demands of the claimants in the eoneursus proceedings herein against said company as surety on said bond.
 

 It is now ordered that said judgment, as amended, be affirmed.